**Gurdial SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–74394.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed Feb. 26, 2008.

Kuldip S. Dhariwal, Esq., Fremont, CA, Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

* This disposition is not appropriate for publication and is not precedent except as provided

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Keith Ian McManus, Esq., Sharon M. Clay, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Gary L. Anderson, Esq., Office of The U.S. Attorney, Western District of Texas, San Antonio, TX, for Respondent.

Before: NOONAN, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM *

Gurdial Singh, a citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of his claims for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT").

The parties are familiar with the facts. We proceed to the law. Although the IJ found the petitioner incredible, the BIA did not address the issue. We therefore presume the petitioner is credible. *See Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir.2005). We review the BIA's decision for substantial evidence. *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090 (9th Cir.2000). Under this standard, we reverse a factual determination only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

by 9th Cir. R. 36–3.

An applicant for asylum on the basis of past persecution must demonstrate that the persecution was on account of a protected ground. *Deloso v. Ashcroft,* 393 F.3d 858, 863 (9th Cir.2005). "Once past persecution is demonstrated, then fear of future persecution is presumed, and the burden shifts to the government to show, by a preponderance of the evidence, that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution, or the applicant could avoid future persecution by relocating to another part of the applicant's country." *Id.* at 863–64 (citation and quotation marks omitted).

Assuming Singh is credible, we find that the record compels a finding that he was persecuted on account of an imputed political opinion, entitling him to a presumption of a well-founded fear of persecution. *See Rajinder Singh v. Gonzales,* 439 F.3d 1100, 1111 (9th Cir.2006) (physical abuse because of imputed Sikh separatist ideology can constitute persecution on account of a protected ground). Because the BIA did not reach the rebuttable presumption analysis, we remand for an analysis under 8 C.F.R. § 208.13(b)(1)(i). *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (holding that "a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands").

Demonstrating past persecution also generates a presumption of eligibility for withholding of removal. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1079 (9th Cir. 2004). We remand for an analysis under 8 C.F.R. § 208.16(b)(1)(i). *See Ventura,* 537 U.S at 16, 123 S.Ct. 353.

As to the Convention Against Torture, the BIA simply held without any thorough analysis that Singh has not established that he would probably be tortured upon return to India. In the event that this conclusion is at all clouded by the faulty analysis on the well-founded fear of persecution, we remand on this issue as well.

Because the BIA did not address the IJ's incredibility finding, we also remand for a finding on Singh's credibility. *See Hanna v. Keisler,* 506 F.3d 933, 937 (9th Cir.2007) (holding that "[i]t is our practice to remand to the [BIA] for credibility findings whenever we reverse a[BIA] decision in which the [BIA] has expressly abstained from deciding the credibility issue.") (quotation marks and citation omitted).

The petition is GRANTED and RE-MANDED for further proceedings.